[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10945
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20177-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATASKA HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 18, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Nataska Howard, proceeding pro se, appeals the district court's denial of her

motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782

to the Sentencing Guidelines.  The district court denied her § 3582(c)(2) motion because Amendment 782 did not change her career-offender sentence under United States Sentencing Guidelines § 4B1.1.  On appeal, Howard argues that following Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), the district court should have granted her motion because, despite being labeled a career offender, her sentence originated with the drug Guideline in USSG § 2D1.1.  Howard also argues for the first time that, contrary to USSG § 1B1.10(b)(2)(A), the district court had the discretion to reduce her sentence below the minimum of the amended Guideline range that would have been applicable if Amendment 782 had been in effect at the time she was sentenced.  After careful consideration, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012) (per curiam).  Under § 3582(c)(2), a district court may reduce a defendant's sentence where she is sentenced to a term of imprisonment based on a Guidelines range that subsequently has been lowered by the Sentencing Commission as a result of an amendment to the Guidelines.  § 1B1.10(a)(1).  When considering a motion for a sentence reduction under § 3582(c)(2), the district court must engage in a two-step process.  United States v. Bravo, 203 F.3d 778, 780–81 (11th Cir. 2000).  First, the district court must recalculate the defendant's applicable Guidelines range using the amended Guidelines provisions.  Id. at 780.

2

Second, the court must determine, in its discretion, whether to impose the newly calculated sentence under the amended Guidelines or to retain the original sentence, in light of the 18 U.S.C. § 3553(a) factors. Id. at 781. A resentencing under § 3582(c)(2) "does not constitute a de novo resentencing," and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id.

The district court properly rejected Howard's § 3582(c)(2) motion. Amendment 782 revised the Guidelines applicable to most drug offenses by reducing the base offense levels found in the drug quantity table in § 2D1.1(c). USSG app. C, Amend. 782. However, the offense level of a career offender—like Howard—is determined by § 4B1.1, not § 2D1.1. In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we addressed whether Amendment 706, which reduced the base offense levels for crack-cocaine offenses, authorized a reduction under § 3582(c)(2) for defendants who had been sentenced under the career-offender Guidelines. Id. at 1325. We said no, explaining that § 3582(c)(2) authorizes reductions only to sentences that were "based on" sentencing ranges that were subsequently lowered. Id. at 1327 (quotation omitted); see also USSG § 1B1.10 cmt. n.1(A) (noting that § 3582(c)(2) does not authorize a sentence reduction where an amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the

3

operation of another guideline or statutory provision"). Applying that binding precedent here, because Howard's sentence was based on the career-offender Guidelines in § 4B1.1, not on the drug quantity tables in § 2D1.1, Amendment 782 had no effect on her sentence. The district court therefore did not have the authority to reduce Howard's sentence under § 3582(c)(2).

Howard argues that the Supreme Court's decision in Freeman should alter our analysis. However, in United States v. Lawson, this Court held that Moore remains binding precedent in this Circuit even after Freeman. Lawson, 686 F.3d at 1321. We explained that Freeman did not "address[] defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." Id. So to the extent that Howard relies on Freeman to say she was entitled to relief under § 3582(c)(2), we already have held in Lawson that Freeman does not authorize relief for defendants sentenced as career offenders.

Finally, Howard argues that the district court had the discretion to reduce her sentence below the minimum of the amended Guidelines range that would have been applicable if Amendment 782 had been in effect at the time she was sentenced because § 1B1.10(b)(2)(A) is unconstitutional. However, because a resentencing under § 3582(c)(2) is not a de novo resentencing, the district court did not have the authority to consider Howard's sentencing arguments outside of the

effect of the retroactive amendment on her Guidelines range.

**AFFIRMED.**